**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES DAVIS,

                         Plaintiff,

                                                     9:17-CV-842
           v.                                          (DNH/DJS)

ANNETTE M. BOYD, *et al.*,

                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

JAMES DAVIS
Plaintiff, *Pro Se*
04-A-2072
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                         TIMOTHY P. MULVEY, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

    This civil rights action was filed in August 2017 by *pro se* Plaintiff James Davis. *See*

Dkt. No. 1, Compl. Upon the District Court's initial review of the Complaint, all of

Plaintiff's claims were permitted to proceed. Dkt. No. 8. The Complaint includes an Eighth Amendment failure to protect claim against Defendant Volpe; Eighth Amendment excessive force claims against Defendants Volpe, Turo, Galbally, Eich, Vasile, Boynton, Dumont, Vincent, and Plummer; and an Eighth Amendment deliberate indifference claim against Defendant Boyd. Compl. at pp. 10-13; Dkt. No. 8 at p. 3, n. 5.

Presently before the Court is Defendant Boyd's Motion for Summary Judgment as to Plaintiff's claims against her. Dkt. No. 27. Plaintiff has filed an opposition. Dkt. No. 39.

### A. Plaintiff's Failure to File a Statement of Material Facts

In his opposition, Plaintiff failed to provide a statement of material facts that responds to Defendant's Statement of Material Facts pursuant to this District's Local Rules. Those Rules provide that "the Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. L.R. 7.1(a)(3). Although *pro se* litigants are entitled to a liberal construction of their filings, *see Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013), their *pro se* status does not relieve them of their obligation to comply with the relevant procedural rules, *see Edwards v. INS*, 59 F.3d 5, 8-9 (2d Cir. 1995).

However, the Second Circuit, acknowledging a court's broad discretion to determine whether to overlook a failure to comply with local rules, has held that the court may in its discretion opt to conduct a review of the entire record even where one of the parties has failed to file a Rule 7.1 statement of material facts. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d

62, 73 (2d Cir. 2001); *see also Jackson v. Fed. Exp.*, 766 F.3d 189 194 (2d Cir. 2014) (noting that "the court may rely on other evidence in the record even if uncited" in determining the undisputed material facts). Due to Plaintiff's *pro se* status, the Court has opted to review the entire summary judgment record to ascertain the undisputed material facts. The Court will cite to the facts as set forth in Defendant's Rule 7.1 Statement of Facts only when properly supported by the record. Dkt. No. 27-5, Def.'s Rule 7.1 Statement of Material Facts ("Def.'s SMF"); *see also GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F. Supp. 2d 320, 329 (N.D.N.Y. 2013) ("Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.") (citing *Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003)). In addition, keeping in mind Plaintiff's *pro se* status, the Court will refer to his submissions when practicable. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

### B. Summary of the Relevant Facts

While an inmate at Auburn Correctional Facility, Plaintiff was involved in a Use of Force incident on August 25, 2015. Dkt. No. 27-2. Plaintiff was then escorted to the Special Housing Unit, where he was examined by Defendant Boyd, who completed an Inmate Injury Report concerning Plaintiff. *Id.* In his Complaint, Plaintiff alleges that during the incident,

he was brutally assaulted and went unconscious multiple times. Compl. at ¶¶ 16-29.[1] Plaintiff alleges that upon being examined by Defendant Boyd, he informed her that he had been assaulted, and that Defendant only recorded a limited number of his alleged injuries, including "chipped upper left incisor tooth, small 1" superficial abrasion - right shoulder, small 1" abrasion to the left knee, right sided rib pain, lower back pain - having a ½" superficial abrasion to this area. Bilateral wrist pain, having a small ½" abrasion to right wrist." Compl. at ¶ 31. Plaintiff alleges that he also complained to Defendant about, and she refused to note and treat, his "Concussion, Nausea, Shortness of breath/sharp pain to right side of ribs when inhaling, Severe Migraine Headache/Dizziness, Back Pain, 1 ½" Abrasion Under Chin, Soreness to the Sole of left foot, and Soreness to Right Index Finger." *Id.* at ¶ 32. Plaintiff alleges that the only treatment given by Defendant Boyd was an instruction to "wash area with soap and water, follow-up with medical and dental as needed." *Id.* at ¶ 33. Plaintiff alleges that on August 29, 2015, he was moved from Auburn to Upstate Correctional Facility, where he was able to inform medical staff about his injuries and received treatment for them. *Id.* at ¶ 34.

## II. DISCUSSION

### A. Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] For purposes of providing context, because Defendant's Statement of Material Facts provides very little information, the Court will rely on the facts alleged in the Complaint.

judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact.  *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d at 872).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its

duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Analysis

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994).

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501

U.S. 294, 297 (1991)).  A court must consider two inquiries in determining whether a deprivation of care is sufficiently serious. *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006).  First, the court must determine "whether the prisoner was actually deprived of adequate medical care."  *Id.*  Medical care is adequate where the care provided is a "reasonable" response to the inmate's medical condition. *Id.*  The second inquiry is "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280.  In cases where there is a failure to provide any treatment, the court examines whether the inmate's medical condition is sufficiently serious. *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted).  Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

In cases where medical treatment is given, but is inadequate, "the seriousness inquiry is narrower." *Salahuddin v. Goord*, 467 F.3d at 280.  "For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Id.*

(quoting *Smith v. Carpenter*, 316 F.3d at 185).

The second prong of the Eighth Amendment analysis regarding a post-conviction detainee is a subjective standard requiring the plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. at 835). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin* ("*Hathaway II*"), 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Defendant contends that "plaintiff has failed to set forth sufficient facts [to] support his claim that he suffered from [a] serious medical condition on August 25, 2015 or that nurse Boyd was deliberately indifferent to his medical needs. While plaintiff apparently suffered from a chipped tooth and several bruises or abrasions because of his altercation with correction staff that day, those injuries were documented by Nurse Boyd. None of them

appears to indicate the need for emergency or immediate medical attention beyond what was administered at the time." Dkt. No. 27-6, Def.'s Mem. of Law, p. 4 (citation omitted).

Plaintiff states in his opposition that he suffered, among other things that went undocumented and untreated, a concussion as a result of the attack. Dkt. No. 39-2, Pl.'s Mem. of Law, p. 2.[2] He also states that "during the examination by nurse Boyd, Davis informed her of his injuries. Davis also informed nurse Boyd that he has an 'injury statement that he would like to give to her.' 'Statement: I (Davis) was knocked unconscious more than once by these officers, I am feeling very nauseated and dizzy as if I may pass out, I am also having shortness of breath.'" *Id.* at pp. 2-3. Plaintiff alleges that he refused to sign the Inmate Injury report because Defendant Boyd refused to list his statement and all of his injuries. *Id.* These alleged injuries were of such a nature that Plaintiff found them "important and worthy of comment or treatment." *Chance v. Armstrong*, 143 F.3d at 702. Plaintiff contends that Nurse Boyd "did not even allow Davis to be evaluated by the Auburn Correctional Facility doctor for the trauma sustained to the face and the head, she did not even admit Davis to the facility infirmary to enact the 'Health Services Policy' of the concussion protocol for observation after Davis informed her that he was 'feeling nauseated and dizzy as if he may pass out.'" Pl.'s Mem. of Law at p. 5. In addition, Plaintiff alleges that he was treated for these injuries after he transferred facilities. Compl. at ¶ 34.

---

[2] "Although the allegations are contained in plaintiff's unsworn memorandum of law in support of his opposition, courts in this circuit routinely consider such statements in connection with a motion for summary judgment where the proponent of the statements is a pro se litigant, mindful of the duty to extend special solicitude to those individuals." *Shepherd v. Fischer*, 2015 WL 1246049, at *8, n. 22 (Feb. 23, 2015).

Defendant's Motion ignores Plaintiff's allegation that he suffered severe injuries that Defendant refused to acknowledge or treat; she has submitted no evidence regarding Plaintiff's complaints of additional injuries and denial of and delay in care. In particular, Defendant has offered no statement in support of the Motion that contradicts Plaintiff's allegations. Plaintiff has thus alleged a sufficiently serious injury, that may constitute "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d at 702.

Defendant contends that this is a case where "'[m]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.'" Def.'s Mem. of Law at p. 5 (quoting *Chance v. Armstrong*, 143 F.3d at 703). However, this is not a scenario where Plaintiff simply contends that the treatment provided was not Plaintiff's preferred course of treatment, and Defendant took a different course that was within her professional judgment. Rather, Plaintiff alleges that by failing to record Plaintiff's injuries and failing to treat them, Defendant failed to provide Plaintiff with any treatment at all, when treatment was clearly needed.

In addition, Plaintiff has sufficiently alleged that Defendant was deliberately indifferent, by displaying "a conscious disregard of a substantial risk of serious harm." *Chance v. Armstrong*, 143 F.3d at 703. Plaintiff alleges that he made Defendant aware of his many injuries, including by providing an injury statement complaining that he believed

he had a concussion, which she ignored. *See* Pl.'s Mem. of Law at pp. 2-3.

Defendant provides no affidavit or explanation as to what occurred when she met with Plaintiff, or as to her understanding of his conditions. "To win summary judgment on this ground, [Defendant] would have to at least offer some evidence as to why these incidents did not constitute deliberate indifference. [She] has not done so." *Jeffers v. City of New York*, 2018 WL 904230, at *41 (E.D.N.Y. Feb. 13, 2018).

Viewing the evidence in the light most favorable to Plaintiff, Defendant has not met her burden of demonstrating that there is no genuine dispute as to any material fact. The Court recommends denying Defendant's Motion.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant's Motion be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Case 9:17-cv-00842-DJS   Document 40   Filed 01/03/19   Page 12 of 12

85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 3, 2019
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge